IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ERNEST MEDINA, | ) | 8:14CV301 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MICHAEL THURBER, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed his Complaint (Filing No. 1) in this matter on October 1, 2014. This court has given Plaintiff leave to proceed in forma pauperis in this matter. (Filing No. 16.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff is incarcerated at the Lancaster County Jail. He has sued Michael Thurber, who Plaintiff alleges is the jail's director. He alleges Thurber's policies have infringed on his rights to send mail and to access the courts. Liberally construed, Plaintiff alleges federal constitutional claims under 42 U.S.C. § 1983.

Plaintiff alleged that, between August 11, 2014, and September 29, 2014, he attempted to send sealed items of mail to the Governor of the State of Nebraska, the President of the United States, and a patient rights advocate at "Bryan West L.g.H.," but jail staff returned the mail to him unopened. A note was attached to the returned mail, "which read letters to the governor, the president, or other government agencies were not considered privileged[.]" (Filing No. 1 at CM/ECF p. 3.) Plaintiff also alleged the law library at the jail is "inadequate," and jail staff refused to provide him legal forms on two separate occasions. (*Id.* at CM/ECF p. 2.)

For relief, Plaintiff asks for "an adequate law library, access to the courts and the right to freely correspond with government officials." (*Id.* at CM/ECF p. 5.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* [28 U.S.C. §§ 1915(e)](#) and [1915A](#). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. [28 U.S.C. § 1915(e)(2)(B)](#); [28 U.S.C. § 1915A(b)](#).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007)](#); *see also* [*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)](#) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" [*Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014)](#) (quoting [*Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)](#)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." [*Topchian*, 760 F.3d at 849](#) (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III.  DISCUSSION OF CLAIMS

**A.   Legal Mail**

Plaintiff alleged jail staff refused to send his sealed items of mail to the Governor of the State of Nebraska, the President of the United States, and a patient rights advocate. Liberally construed, Plaintiff alleged the jail's policy of not considering these items of mail "privileged" interferes with his right to send mail.

Prisoners retain their First Amendment rights to send and receive mail. However, "prison officials have a duty to maintain security within the prison, and this may include reading inmates' incoming and outgoing mail, with the exception of *legal mail*." *Thongvanh v. Thalacker*, 17 F.3d 256, 258-59 (8th Cir. 1994) (emphasis added). The Eighth Circuit has held that "[p]rivileged prisoner mail, that is mail to or from an inmate's attorney and identified as such, may not be opened for inspections for contraband except in the presence of the prisoner." *Jensen v. Klecker*, 648 F.2d 1179, 1182 (8th Cir. 1981).

Here, the mail at issue was not to or from Plaintiff's attorney. As non-privileged inmate mail, it was not immune to inspection by jail staff. Therefore, Plaintiff's claim that jail staff refused to send this mail *unopened* fails to state a claim upon which relief may be granted.

3

**B.     Access to Courts**

Plaintiff alleged he is being denied his right of access to the courts because (1) the jail's law library is "inadequate," (2) jail staff do not provide him with legal forms, and (3) jail staff refused to send his sealed items of mail to the Governor of the State of Nebraska, the President of the United States, and a patient rights advocate.

"[P]risoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, this right is only violated if the prisoner has suffered an "actual injury," *Lewis v. Casey*, 518 U.S. 343, 351 (1996), by way of an official action that hindered his or her pursuit of a "nonfrivolous" or "arguable" underlying legal claim. *Id.* at 353 & 353 n. 3. "To prove actual injury, [Plaintiff] must 'demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded.'" *Hartsfield v. Nichols*, 511 F.3d 826, 832 (8th Cir. 2008) (citation omitted).

Here, Plaintiff has not alleged any facts suggesting Thurber's jail policies frustrated or impeded his ability to bring a nonfrivolous legal claim. In other words, he does not allege he was injured or prejudiced by the state of the law library, the lack of access to forms, or staff's refusal to send the mail discussed above. Accordingly, Plaintiff has failed to allege a plausible denial-of-access-to-courts claim. On the court's own motion, Plaintiff will be given an opportunity to file an amended complaint that states a plausible claim for relief.

IT IS THEREFORE ORDERED that:

1.     On the court's own motion, Plaintiff will have 30 days to file an amended complaint that states a claim upon which relief can be granted. Failure to file an amended complaint will result in dismissal of this action for failure to state a claim.

2. The clerk's office is directed to set a pro se case management deadline in this case using the following text: May 4, 2015: Check for amended complaint.

DATED this 31st day of March, 2015.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

5